## THOMAS ALDRICH *versus* SETH HOLDEN.

Where a plaintiff, on being nonsuited, agreed with a third person, by whom, as the party in interest, the action had been defended, that he would pay him the costs, and in virtue of such agreement, was, on a process of foreign attachment, adjudged his trustee, and afterwards the nominal defendant, having sued out an execution for such costs, enforced it against the plaintiff, it was *held*, that the plaintiff could not recover back from him, in an action of assumpsit, the amount paid on such exe-cution.

ASSUMPSIT on the common money counts.

At the trial, in the Court of Common Pleas, before *Cummins* J., the plaintiff offered evidence to prove, that James W. Jenkins commenced an action against one Doane, in which a pair of oxen were attached by Holden, the present defendant, then a deputy sheriff, he having received a bond of indemnity from Jenkins or his agent ; that the present plaintiff thereupon commenced an action of trespass against Holden, for attaching the oxen ; that, after such action had been entered, it was agreed between the plaintiff and Jenkins, who defended the action, that the plaintiff should become nonsuit, and should pay Jenkins the costs which had accrued, in lumber ; that the plain tiff having accordingly become nonsuit, Holden recovered judg ment against him for costs, and sued out his execution therefor : that after this took place, but before the costs had been paid by the plaintiff, one Flagg sued out a trustee process against Jen kins, and summoned the plaintiff as his trustee ; that the plaintiff was adjudged to be such, on the ground of his liability to pay the costs, under the agreement with Jenkins ; and that after the plaintiff had been so adjudged trustee, Holden caused his exe-cution for costs to be enforced against the plaintiff, and received the amount thereof.

Th plaintiff claimed in this action the amount so received

by Holden ; but the judge ruled that the action could not be maintained.   The plaintiff excepted to this ruling.

*Brooks*, for the plaintiff, cited *Lazell* v. *Miller*, 15 Mass. R. 208 ; *Moses* v. *Macferlan*, 2 Burr. 1005 ; *Rowe* v. *Smith*, 16 Mass. R. 306, and cases cited.

*Washburn*, for the defendant.

*Per Curiam*.   The Court are of opinion, that the plaintiff is not entitled to recover.   The direct object of the suit is to recover back money paid by the plaintiff to the defendant, on a judgment and execution for costs, still in full force.   It is an attempt to show collaterally, that such a judgment ought not to have been rendered, which is inadmissible.   The mistake of the plaintiff probably was, in undertaking to pay the costs to Jenkins, who was not the party to the suit, without taking care to get a discharge from Holden, who was the party to the suit, and entitled by law to the costs, on the plaintiff's becoming nonsuit.

*Exceptions overruled and judgment of C. C. P. affirmed*